MICHAEL N. FEUER (SBN 111529)
City Attorney
CARLOS DE LA GUERRA (SBN 164046)
Senior Assistant City Attorney
ANNETTE Y. LEE (SBN 146783)
Assistant City Attorney
**CHUNG H. CHO (SBN 224709)**
Deputy City Attorney
Office of the City Attorney Los Angeles
200 N. Spring St., 14th Fl., Rm. 1400-B
Los Angeles City Hall
Los Angeles, CA  90012
Telephone:  (213)978-2118
Fax:   (213)978-2082
E-mail:  angie.cho@lacity.org

*Attorneys for Non-party*
LOS ANGELES POLICE DEPARTMENT
CUSTODIAN OF RECORDS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET ULERY, STACY ULERY, A.U., a minor, by and through her Guardian Ad Litem, Darrell Harriman,<br><br>        Plaintiffs,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES, JUDITH COHEN, ANGELA THOMAS, SURIZADAY OLEA-GARCIA, GENEVA E. ANKAI; and DOES 1-20, inclusive,<br><br>        Defendants.<br>_____<br>LOS ANGELES POLICE DEPARTMENT CUSTODIAN OF RECORDS<br>        Non-party.<br>_____ | Case No.  2:20-cv-07028-TJH-KSx<br><br>**STIPULATED PROTECTIVE ORDER FOR RECORDS DISCLOSED BY NON-PARTY LOS ANGELES POLICE DEPARTMENT** |

1

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order For Records Disclosed By Non-Party Los Angeles Police Department ("Stipulation") filed on September 3, 2021, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment to paragraphs 2, 4, 5, and the addition of paragraphs 13 and 14, of the Stipulation.**

**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]**

COMES NOW, non-party, the LOS ANGELES POLICE DEPARTMENT ("LAPD"), by and through its counsel, Chung H. Cho, plaintiffs, BRETT ULERY, STACY ULERY AND A.U., a minor, by and through their counsel, Donnie R. Cox and Paul W. Leehey, and defendants, County of Los Angeles, Judith Cohen, Angela Thomas, Surizaday Olea-Garcia, and Geneva E. Ankai, through their counsel, Megan K. Lieber and Tomas A. Guterres, who respectfully request that the Court issue a protective order that will govern the use of any records that may be disclosed by non-party LAPD in response to a subpoena that has been issued in this case.

<u>**GOOD CAUSE STATEMENT**</u>

The plaintiffs have a right to privacy under the California Constitution.  Cal. Const., art. I, § 1.  The records responsive to plaintiffs' subpoena involve an allegation of child abuse, which are sensitive and protected by California law.  LAPD has not publicly released the materials and information referenced above except under protective order and pursuant to a court order.

---

[1] **The Court's additions to the agreed terms of the Protective Order are indicated in bold typeface. The Court has made no deletions.**

Non-party LAPD believes that the information needs special protection from public disclosure and from use for any purpose other than litigating this action, *Ulery, et al. v. County of Los Angeles*, et al., 2:20-CV-07028-TJH-KSx.  In addition, non-party LAPD asserts that a protective order is necessary to avoid the risk of embarrassment, harassment and/or professional and legal harm on the part of the plaintiffs.

## TERMS OF THE PROTECTIVE ORDER

Non-party and the parties hereto enter into the following stipulation that constitutes the terms of the [Proposed] Protective Order for any information that may be disclosed by LAPD in this case:

1.      The phrase "this case" refers to the instant matter, *Ulery, et al. v. County of Los Angeles, et al.*, United States District Court for the Central District of California Case No. 2:20-CV-07028-TJH-KSx, exclusively, including the final disposition of any and all appeals.  The phrase "this case" does not refer to any other state or federal case that defendants or plaintiff may currently, or in the future, be a party to in any capacity.

2.      The term "PROTECTED MATERIAL" as used in this Protective Order shall refer to any and all copies of any and all records and any and all information contained in any and all records that are disclosed by LAPD **as part of discovery** in this case.

3.      This Protective Order does not govern any records that are obtained by any party outside the jurisdiction of this case.

4.      All parties shall use the PROTECTED MATERIAL in the litigation of this case only and, in particular, said PROTECTED MATERIAL shall not be released to any other individual, entity, or agency that is not a party to this case without further order from the court except:

        a.  Counsel of record in this case and employees of counsel's offices to the extent necessary to enable said individuals to assist in the litigation of this case;

        b.  Any experts or consultants who have been expressly engaged by counsel

3

of record to provide expert testimony or to assist with the litigation of this case;

    c. Court reporters and videographers, to the extent necessary to take or transcribe testimony in this case;

    d. Such other persons that may be designated by written stipulation of the parties and non-party LAPD;

    e. The **Court and its personnel**, to the extent necessary for a motion or other matter pending before the court in this case.

5.     Every individual as identified in paragraph 4 of this Stipulated Protective Order**, except the Court and its personnel,** must be given a copy of this Stipulated Protective Order before the said individual is given access to any PROTECTED MATERIAL.  In addition, each individual as identified in paragraph 4 of this Protective Order**, except the Court and its personnel,** must sign a written agreement to be bound by this Protective Order, which is attached to this stipulation and protective order as Attachment A.  The parties' counsel shall keep the agreements that are executed by any individual who is hired by or who is part of the respective party's legal team.

6.     If any party is ordered to disclose the PROTECTED MATERIAL to any other individual, entity or agency who is not enumerated in paragraph 4 of this Protective Order, the party subject to the court order shall give LAPD notice of said court order to give LAPD an opportunity to request a Protective Order.

7.     Under no circumstance shall the PROTECTED MATERIAL, or the information contained therein, be retained, copied, compiled, stored, used as a database, or be disseminated, in any form, except for use in this case in accordance with this Protective Order or by further order of the court;

8.     If any party files a pleading, motion or any other document that contains or attaches as an exhibit any information from the PROTECTED MATERIAL, the party must file an application to file the pleading, motion or document under seal.

4

9.     In the event that the PROTECTED MATERIAL is used in any court proceeding in this case, all counsel shall take all reasonable steps to maintain its confidentiality during such use.

10.    If any party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the party must immediately (a) notify LAPD in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A.

10.    All copies of all PROTECTED MATERIAL disclosed by LAPD shall be marked "SUBJECT TO PROTECTIVE ORDER" by the custodian of records for LAPD before the records are disclosed to the parties.

11.    This Protective Order does not prejudice the parties' and/or LAPD's right to object to or file any motion for relief related to any issues that may arise regarding the use or discovery of the records from LAPD, including any objections to any future subpoenas that may be issued by any party in this case.

12.    No more than sixty (60) calendar days after the conclusion of this case, including any appeals, the parties shall destroy or return all copies of all PROTECTED MATERIAL, including any compilations, summaries and any other format reproducing or capturing any of the PROTECTED MATERIAL.  If the PROTECTED MATERIALS are destroyed, the party must submit a written certification that the PROTECTED MATERIAL was destroyed to:  Attn:  Subpoena Supervisor, Discovery Section, Legal Affairs Division, Los Angeles Police Department, 200 N. Spring St. 19th Fl., Los Angeles, CA 90012.  If the PROTECTED MATERIAL is returned, it must be returned, with a copy of this Stipulated Protective Order to:  Attn:  Subpoena Supervisor, Discovery Section, Legal Affairs Division, Los Angeles Police Department, 200 N.

Spring St. 19th Fl., Los Angeles, CA 90012.  The PROTECTED MATERIAL must be returned in person or by certified mail only.  At the time the PROTECTED MATERIAL is destroyed or returned, counsel shall also notify LAPD counsel by email at angie.cho@lacity.org that the records have been destroyed or are being returned to LAPD as prescribed by this paragraph.  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product and consultant and expert work product, even if such materials contain any PROTECTED MATERIAL.  Any such archival copies that contain or constitute PROTECTED MATERIAL remain subject to this Protective Order.

**13.    If any party seeks to file or lodge with the Court any portion of any Protected Document or information taken from any Protected Document, such material shall be submitted to the Court with an application to file under seal in accordance with this Court's Local Rule 79-5.1.**

**14.    The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.**

**15.**    Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**16.**    This Protective Order shall survive the conclusion of this case.  The court shall retain jurisdiction over this Protective Order.

**GOOD CAUSE HAVING BEEN SHOWN, IT IS SO ORDERED.**

Dated: September 8, 2021

_____

**HONORABLE KAREN L. STEVENSON**
United States Magistrate Judge

6

# ATTACHMENT A

**UNDERSTANDING AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, [print or type full name], of

_____[print or type full address], have

received a copy of the Stipulated Protective Order in Ulery, et al. v. County of Los

Angeles, et al., 2:20-CV-07028-TJH-KSx.  I have read the Stipulated Protective Order, in

its entirety, and understand its content thereof.  I agree to be bound by and comply with

all the terms of the Stipulated Protective Order in all respects and hereby submit and

waive any objections to the jurisdiction of the United District Court for the Central

District of California for purposes of resolving any dispute concerning or relating to my

compliance with the Protective Order.

I understand that any violation of the terms of this Stipulated Protective Order may

be punishable by money damages, interim or final injunctive or other equitable relief, an

imposition of sanctions, contempt of court, or other additional relief as may be deemed

appropriate by the court.

I hereby appoint_____[print or type full name] or

_____[print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.


Date: _____

Signature: _____

Printed Name: _____

City and State where sworn and signed: _____

7